PER CURIAM.
¶ 1 Hector Rafael Rodriguez appeals a judgment convicting him of one count of second-degree sexual assault of a child under the age of sixteen. Rodriguez argues that the circuit court misused its discretion when it denied his pretrial motion to preclude the State from introducing at trial underwear worn by the victim. We affirm.
¶ 2 Rodriguez was charged with two counts of sexual assault of his girlfriend's daughter, N.L., who was thirteen years old at the time. Before trial, Rodriguez moved to preclude the State from introducing underwear N.L. wore the night of the assault, which contained DNA consistent with Rodriguez's DNA profile. Rodriguez argued that: (1) the underwear was contaminated because it was placed with other dirty laundry from the household after the assault; (2) N.L.'s mother tampered with the underwear by rubbing his work shirt against the underwear; and (3) N.L. was unable to initially identify the underwear to police. The circuit court denied Rodriguez's motion to exclude the underwear prior to trial, but said that Rodriguez could object during trial if the State failed to present sufficient evidence to support admission. After a bench trial, Rodriguez was found guilty of one count of second-degree sexual assault, but acquitted of the other count.
¶ 3 On appeal, Rodriguez raises only one argument. He contends that the circuit court misused its discretion in denying the pretrial motion because it failed to explicitly address his allegation that N.L.'s mother intentionally tampered with the underwear.
¶ 4 While it is true that the circuit court did not explicitly address the tampering allegation when it denied Rodriguez's motion, Rodriguez is not entitled to relief because he did not present a sufficient factual basis for his tampering claim.
¶ 5 The circuit court asked for an offer of proof before deciding whether testimony was necessary to decide Rodriguez's motion. Rodriguez's lawyer said that he would present testimony from one witness, N.L.'s mother. She would testify that N.L.'s underwear was placed with the family's dirty laundry the day of the assault and remained there until the police retrieved it six days later. As to the tampering allegation, defense counsel said only the following: "There's an allegation within-within the police report that the victim said maybe her mother rubbed the defendant's work shirt with the underwear."[1] Defense counsel offered no testimony or other evidence to substantiate this allegation.
¶ 6 Rodriguez's offer of proof as to the tampering allegation was wholly insufficient. He presented no evidence to support his claim that N.L.'s mother tampered with the underwear. Rodriguez concedes this in his reply brief, but contends that the circuit court nevertheless erred because it decided the motion even though the court was "not aware of any information suggesting that [the tampering allegation] was ... untrue." Rodriguez has this backward. Rodriguez sought pretrial suppression, so it was incumbent on him to make an offer of proof to substantiate his claim that the evidence should be excluded due to tampering. See WIS. STAT. § 901.03(1)(b) (2015-16)[2] (a litigant seeking to challenge the circuit court's discretionary ruling excluding evidence must show that "the substance of the evidence was made known to the judge by offer.").
¶ 7 Rodriguez incorrectly believes that the State bore the burden of showing at the motion hearing "that it was improbable that the underwear had been contaminated or tampered with." See B.A.C. v. T.L.G. , 135 Wis. 2d 280, 290, 400 N.W.2d 48 (Ct. App. 1986). His reliance on B.A.C. is misplaced. In B.A.C. , we discussed the degree of proof necessary to establish a chain of custody with regard to blood samples in a paternity action. See id. We explained that there must be sufficient evidence "to render it improbable that the original item has been exchanged, contaminated or tampered with." See id. In contrast, here Rodriguez was attempting to preclude the admission of evidence before the trial began and, by extension, before the State had an opportunity to establish a foundation for the evidence. Because Rodriguez sought to peremptorily preclude the admission of the evidence, he needed to establish that there was a basis for his claim of tampering. Rodriguez did not make an adequate offer of proof to support his motion for pretrial suppression, so he is not entitled to relief.[3]
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Specifically, the postconviction motion alleged: "According to the police report dated November 15, 2014, the victim claimed at one point that her mother rubbed the underwear on the defendant's work shirt."

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Although Rodriguez challenges only the circuit court's pretrial ruling in this appeal, we note that Rodriquez did not raise the tampering argument during trial, despite the circuit court's explicit statement when it denied his pretrial motion to suppress that he had the right to object to admission of the evidence at trial if grounds existed. At trial, the only reference remotely related to the alleged tampering allegation occurred during the defense's cross-examination of N.L.'s mother. She was directly asked if she rubbed N.L.'s underwear against Rodriguez's shirt, and she responded: "[I] don't recall. I was so upset. I don't recall much of that week."